EDWARD M. JOSEPH, Respondent, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.

First Department, May 17, 1962.

*David J. Mountan, Jr.,* of counsel (*Conboy, Hewitt, O'Brien & Boardman,* attorneys), for appellant.

*David M. Schlossberg* for respondent.

*Per Curiam.* Plaintiff was for 32 years in the employ of defendant as a redcap porter in Pennsylvania Station. His relationship with defendant is governed by a contract between defendant and United Transport Service Employees of America, a union to which plaintiff belonged. Absent this contract, plaintiff would be an employee at will and dischargeable at any time.

There were several successive contracts between defendant and the union, the one in effect at the time being dated June 1, 1940, but having been amended several times since then. The contract does not state specifically the grounds of discharge or suspension. However, an agreement dated November 5, 1943, which is supplementary to the main agreement, provides: " 4. The Red Caps shall conscientiously and fully discharge their obligation to render adequate and courteous service to the public and the Company and shall make true and faithful reports as provided in numbered paragraph 2 above, and failure to render adequate and courteous service and to remit funds as provided in numbered paragraph 3 above or any irregularities in the reporting and handling of tags, money, bags, or parcels, as provided in numbered paragraphs 1, 2 and 3 above, shall be proper grounds for the application of discipline. This paragraph shall not be construed as limiting in any way the Company's right to apply discipline to Red Caps on other grounds."

The method of discipline is provided in a supplementary agreement dated October 29, 1943. The pertinent part reads: "Rule 6-A-1 (b). Employes shall not be suspended nor dismissed from service without a fair and impartial trial. An employe who is directed to report for trial shall be given reasonable advance notice in writing of the exact charge for which he is to be tried and the time and place of the trial." [The section continues with specifications of the trial procedure, not of moment on this appeal.]

On February 4, 1959, plaintiff was given notice that he was charged with " unsatisfactory performance of duty," and was instructed to attend for trial on February 17, 1959, before

defendant's station master. On February 9, plaintiff, through his attorney, requested notice in writing of the exact charge on which he was to be tried, but no further particulars were supplied. At the trial, which was adjourned to February 26, 1959, at plaintiff's request, his attorney objected to any testimony until a specific charge was put upon the record. The charge was then stated to be that plaintiff had a very low production in the carrying of luggage for passengers in comparison to the other porters working in his group. He was informed that after proof was put in, if he desired further time to prepare a defense, a recess would be granted. Plaintiff's attorney stated that his request for particulars was designed to obviate the necessity of such a recess. Further than that, he expressed no objection. The proof showed that there were eight porters in plaintiff's group. From July, 1958 through December, 1958, plaintiff had the lowest average hourly earnings from bags carried. In his most productive month he was 25% below the next lowest man, and this percentage was generally 30% and ran as high as 33%. Plaintiff offered no factual defense. Upon an adverse finding, plaintiff appealed, and the decision of dismissal was affirmed.

Plaintiff's argument at the trial and on the appeal was specious. It was that in any group of porters one man must have the lowest returns, and it is not unsatisfactory performance of duty to be that last man. Counsel refused to recognize that this was not the charge. It was not that he did the least work but that he did so little in comparison with all the others. Among the others the order varied from month to month, and the amount of work done by the other seven showed minimal differences. Plaintiff was always last, and the difference between him and the others was substantial. The evidence allowed, if it did not compel, the conclusion that the plaintiff was either unwilling or unable to meet the work standard set by the others and necessary to perform the service that defendant was required to supply to its passengers. Surely this is an unsatisfactory performance of duty.

Upon this appeal plaintiff places his main reliance on the failure to give him specifications of the charge in advance of trial. Undoubtedly the failure violated the provisions of the union contract in regard to trial procedures. In view of subsequent developments, the violation did not amount to a denial of a fair trial and did not constitute a breach. Plaintiff was in fact given a better opportunity of meeting the charge than the contract called for. He was given time to prepare any defense,

not only after learning of the specifications but after hearing the proof that supported them. He did not choose to avail himself of this privilege and the record is quite clear that he was not prejudiced, nor did his counsel so regard it at the time.

It follows that plaintiff was rightfully discharged in accord with the only contract governing his employment. There are other questions presented which we do not reach. Whether or not plaintiff exhausted all his remedies is not significant in view of our conclusion. Nor do we reach the very grave question of what remedy or damages would flow if the finding were that his discharge was wrongful.

The judgment should be reversed, on the law and on the facts, with costs to appellant, and the complaint dismissed.

RABIN and STEVENS, JJ. (dissenting). We dissent and vote to affirm the judgment in favor of plaintiff though we would have modified to reduce the amount substantially had the same been requested.

The basis for our dissent is the view that the general charge " unsatisfactory performance of duty " did not meet the requirements of the contracts between the parties that an employee directed to report for trial be given " reasonable advance notice in writing of the exact charge for which he is to be tried ".

Paragraph 4 of the agreement of November 5, 1943, quoted in the majority opinion, and not requoted here, embraced several items which might fall within the vague generality " unsatisfactory performance of duty ". There could be a failure " to render adequate and courteous service to the public ", a failure to " make true and faithful reports as provided " in paragraph 2 of the agreement, irregularities in the reporting and handling of tags, money, bags, and, additionally, it was declared that paragraph 4 in no way limited the company's right to apply discipline on other grounds.

The request for a bill of particulars was refused. Thus, the plaintiff was required to speculate upon the issues or else be totally unprepared to meet them.

We do not say that under certain circumstances consistently low production might not constitute unsatisfactory performance of duty. However, in the light of the fact that the contracts provided for additional or supplemental payments by the company to make up deficiencies when production fell below a fixed standard — thereby contemplating low production without employee misconduct — when the charge against the employee was based on inadequate production, it should have been specified.

At the hearing plaintiff was informed that if he so desired plaintiff would be given an adjournment to prepare his defense, but only after testimony was heard in support of the charge against him. Such an offer could not cure the basic defect of indefiniteness of the charge, and plaintiff voiced timely objection to such procedure. The notice was inadequate.

McNALLY, EAGER and STEUER, JJ., concur in *Per Curiam* opinion; RABIN, J. P., and STEVENS, J., dissent in opinion.

Judgment reversed on the law and on the facts, and the complaint dismissed, with costs to appellant. Settle order on notice.